Initially, I was almost persuaded to file a dissent in this case because I thought the petitioner had not followed the proper procedural steps to present to us the issue he wanted us to address.
In the opinion of the Court of Civil Appeals, the following statement is made:
 "Neither in fact nor in law is there evidence of the required statutory notice of injury." (Emphasis added.)
In another portion of the opinion the Court opined:
 "We believe there is sufficient legal evidence to support a finding that actual notice was given the employer within the ninety-day time period required by § 25-5-78."
In his petition here, the petitioner alleges:
 "The basis of this petition for the writ is that the decision of the Court of Civil Appeals is in conflict with Section 25-5-78, 1975 Code of Alabama, which states that delay in giving notice to the employer of an employment injury within five (5) days
 after the occurrence is excused if it `can be shown that the party required to give such notice has been prevented from doing so by reason of physical or mental incapacity, . . . or equal good reason.'
 "In its present decision, the Court of Civil Appeals disregarded the `saving clause' of said notice statute by failing to address such `physical or mental incapacity, . . . or equal good reason' by stating through Footnote 1. that the notice given by the late employee through a phone conversation was `two days too late', disregarding the legal evidence proving such incapacity and good reason." (Emphasis added.)
The petitioner requests that we "reverse the judgment . . . and render [an] opinion that the employee's two-day delay in notifying the employer of his employment injury is excused by reason of physical or mental incapacity . . . or equal good reason within the `saving clause' of § 25-5-8, 1975 Code of Alabama. . . ." Because I cannot tell from the opinion whether the Court of Civil Appeals considered the "saving clause" in reviewing the record, I agree that the cause should be remanded. By concurring specially, I realize that I am bending to some degree the settled rule that we will not look behind the facts as stated in the opinion of the Court of Civil Appeals, but in view of the fact that the parties disagree substantially as to just what the Court of Civil Appeals held regarding the "saving clause," I agree to remand the cause. *Page 1234